UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON ROYAL FLEMING,<br><br>                Petitioner,<br><br>    v.<br><br>KEN QUINN,<br><br>                Respondent. | Case No. C05-5719RJB<br><br>ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME |

    This matter comes before the court on petitioner's motion for extension of time. Dkt. 72. The court has considered the relevant documents and the remainder of the file herein.

    On June 22, 2006, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation that was noted for consideration on July 14, 2006. Dkt. 54. On June 27, 2006, petitioner filed a motion, requesting an additional two weeks, until July 28, 2006, to file a objections to the Report and Recommendation. Dkt. 57. On June 30, 2006, the court granted petitioner's motion, and directed that he file objections by July 28, 2006. Dkt. 58. On July 7, 2006, petitioner filed objections to the Report and Recommendation. Dkt. 62. Petitioner has filed appeals of orders of the magistrate judge (Dkt. 65, 67) and other motions (Dkt. 60, 63, 64, 66); these motions are pending.

    On July 24, 2006, petitioner filed a motion, requesting an emergency continuance of at least 60 days, in order to file responses and pleadings. Dkt. 70. Petitioner stated that he had been placed in administrative segregation, had no court addresses, had none of his legal work, and had no access to a law library. *Id*. On July 26, 2006, the court denied petitioner's motion for extension of time on the basis that

ORDER
Page - 1

(1) petitioner filed objections to the Report and Recommendation of the magistrate judge in this habeas corpus action; (2) although he stated that he did not have court addresses, petitioner filed this motion in the appropriate court; (3) should the court find merit in petitioner's pending motions, the court may order responses or replies as appropriate; and (4) petitioner has already been granted an extension of time, and he had had ample opportunity to access the court. Dkt. 71.

On July 24, 2006, petitioner filed another motion for extension of time that was docketed after the court's order denying petitioner's motion for extension of time. Dkt. 72. In the interest of fairness, the court has considered this motion. In this motion, petitioner states that he is unable to raise legal issues before this court because of an untreated injury, he has been retaliated against by prison officials and falsely infracted, has inadequate access to his legal work and lack of library access, has severe mental illness, is without counsel, is unable to write because of carpal tunnel syndrome, has no carbon paper or photocopies, and has been threatened with infractions for filing grievances. *Id.* Petitioner also attached a complaint against the State of Washington, and state agencies and officials, for violation of the Americans with Disabilities Act and the Rehabilitation Act. *Id.*

On June 26, 2006, the court granted petitioner's motion for extension of time to respond to the objections of the magistrate judge. Dkt. 58. On July 7, 2006, petitioner filed objections to the Report and Recommendation, although in those objections, he chose to address issues other than the merits of his habeas corpus petition. Dkt. 62. On the same day that he filed these objections, petitioner filed several motions (Dkt. 63, 64, 66) and objections to orders of the magistrate judge (Dkt. 65 and 67). In addition, along with this six page motion for extension of time that petitioner filed on July 24, 2006, he included a copy of a detailed six page complaint lodged with the prison, apparently on July 7, 2006, alleging lack of treatment for his mental illness, retaliation by the Department of Corrections staff, and placement in the Intensive Management Unit. Petitioner has had ample time to file objections to the merits of this habeas corpus petition, but he has not done so, even after the court granted him additional time. The court should deny petitioner's motion for extension of time. The court notes that the complaint petitioner filed with this motion for extension of time relates to petitioner's conditions of confinement. It has not been filed as a separate civil complaint, and it is not appropriate to consider petitioner's allegations in this complaint in connection with his petition for writ of habeas corpus.

Therefore, it is hereby

**ORDERED** that petitioner's motion for extension of time (Dkt. 72) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 31st day of July, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge